**UNITED STATES ex rel. PAPPIS v. TOMLINSON, Divisional Director, Immigration and Naturalization, Department of Justice, et al.**

No. 21258.

District Court, N. D. Ohio, E. D.

May 23, 1942.

Howell Leuck and George N. Kalkas, both of Cleveland, Ohio, for Pappis.

Roy C. Scott, Asst. U. S. Atty., of Cleveland, Ohio, for the United States.

FREED, District Judge.

The issue presented in this case, as the Court views it, is whether the relator, or alien, is unlawfully restrained from his liberty by being detained by the immigration authorities without a bond. The statutes prescribe an orderly method of procedure with reference to all aliens who are

unlawfully in this country, and which is administratively carried out by the attorney general of the United States.

■ Until such time as the administrative proceedings and the administrative remedies have been exhausted, the courts cannot generally interfere with them, except under unusual situations, which need not be here recited. I am inferring by that that no such unusual situations exist in this particular case.

The statute relating to ports to which aliens are to be deported, which is Section 156 of Title 8 U.S.C.A. reads, in part, that "Pending the final disposal of the case of any alien so taken into custody, he may be released under a bond in the penalty of not less than $500 with security approved by the Attorney General", under certain conditions.

■ This Court cannot, in view of the latest Circuit Court decision in the case of Zapp v. District Director, 2 Cir., 120 F.2d 762, interpreting paragraph 156 of Title 8, and reciting in its opinion the case from this circuit (Prentis v. Manoogian, 16 F.2d 422), cited by relator in support of his contention, come to any conclusion other than that the word "may" does not mean "shall." In fact, it is this Court's interpretation of the decision of this circuit, that this circuit holds, as annotated in the United States Code Annotated, Title 8, to the effect that one in custody charged with being an alien, and in violation of the immigration laws, has no inherent right to bail.

The question, therefore, that remains for decision is whether there was an abuse of discretion on the part of the attorney general in denying bail to the petitioner relator in this case. It is evident to this Court, from reading of the statute and comparison with its predecessor, that Congress intended to place a wide discretion in the attorney general, because of the careful distinction made in the use of the words "shall" and "may."

■ The matter of abuse of discretion by an administrative official or administrative board must be viewed in the light of existing conditions. In the judgment of this Court, at no time in the history of this nation have the duties of the attorney general and the immigration authorities been so grave and have required such unusual care and discrimination. The matter of dealing with the problem of aliens is a serious one; and even though, in these instances, aliens from friendly countries are involved, or an alien from a friendly country is involved, the curtailment of the activities of all aliens is a matter of grave concern.

The Court, in this case, is much impressed with the testimony regarding the acute situation arising from foreign seamen leaving their ships in large numbers, and the failure or refusal of seamen arriving in the United States on foreign vessels to man the vessels for reshipping.

■ Whereas in times of peace and under normal conditions the refusal by the attorney general of the United States, or those authorized to act in his behalf, to give bond under similar circumstances may constitute and amount to an abuse of discretion, courts should be loath to interfere in times such as these with the decisions of administrative officials dealing with a problem as serious as this one, except in extreme cases. The Court is of the opinion that in this case there was no such abuse of discretion by the immigration division as would permit this Court to hold that the writ should be granted. For the reasons stated, the writ in this case will be denied.