**UNITED STATES ex rel. BAUER v. CLARK, Atty. Gen., et al.**

**No. 233, 20560.**

Circuit Court of Appeals, Second Circuit.

May 6, 1947.

Louis T. Stone, Jr., of Bronxville, N. Y., for appellant.

John Ford Baecher, of Washington, D. C., for appellees.

Before L. HAND, SWAN and CLARK, Circuit Judges.

PER CURIAM.

We find it unnecessary to decide more than the effect of the declaratory judgment entered in the action of Bauer v. Clark in the District Court for the Southern District of Indiana, which the Seventh Circuit has now affirmed.[1] The statute[2] gives any one who "claims a right or privilege as a national of the United States," and who "is denied such right or privilege * * * upon the ground that he is not a national," the right to file an action for a judgment "declaring him to, be a national." The relator does not, and could not, challenge the jurisdiction of the court under that section; or that the purpose of the action was to declare him to be "a national of the United States." His position is that Judge Lindley did not declare that he, had forfeited his citizenship, because he made no finding on the issue, but merely dismissed the complaint "for want of equity." Quite aside from the precise words which the judge chose, it is impossible to see what else than the issue of citizenship he supposed that he was deciding by those words, unless it were that the relator had been guilty of conduct which forbade any consideration of the issue upon its merits. There was nothing in the evidence to support such a disposition of the action, and therefore, even if he had nothing else on which to go, we should be obliged to understand the language as a finding upon the issue. However, we are not left to surmise, for the passage from the opinion which we quote in the margin[3] leaves no doubt as to

---

[1] Bauer v. Clark, 161 F.2d 397.

[2] Section 903 of Title 8 U.S.C.A.

[3] "I don't think it was possible for a man to enter the intelligence unit of the German army without taking an oath of allegiance to the Hitler government. This man entered a branch of the service confidential in the extreme, dealing with the most confidential matters that the German Army was concerned with, the intelligence ' unit, and, eventually, the counter-intelligence unit, and to think in face of the regulation that requires an oath, to think that in face of the practice of the German army requiring inductees to take an oath, to think in the face of those facts that he was received into such a confidential service without an oath is preposterous. Thereby he lost his citizenship. Then by a second step he lost it. That was when he took an oath of allegiance to a foreign state.

**730**

what the judge meant. True, it is not clear how the "second step" mentioned differed from the first; but that is not important, for to take an oath of allegiance to the Third Reich was alone enough to forfeit one's citizenship.

Order affirmed.

"Now, I can't ignore those all-important events. I can't overlook, I am bound to observe the law, and the statute says to us that if he does either one of those two things, he loses his American citizenship; that is the end of this law suit."