UNITED STATES ex rel. DOYLE v. DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK.

UNITED STATES ex rel. EISLER v. DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK.

UNITED STATES ex rel. WILLIAMSON v. DISTRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK.

UNITED STATES ex rel. SMITH v. DISRICT DIRECTOR OF IMMIGRATION AND NATURALIZATION AT PORT OF NEW YORK (two cases).

Nos. 209–211, 207, 208, Dockets 20953–20955, 20950, 20951.

Circuit Court of Appeals
Second Circuit.
Aug. 3, 1948.

---

[2] Schneiderman v. United States, 320 U.S. 118, 63 S.Ct. 1333, 87 L.Ed. 1796; Bridges v. Wixon, 326 U.S. 135, 65 S.Ct. 1443, 89 L.Ed. 2103; Kessler v. Strecker, 307 U.S. 22, 59 S.Ct. 694, 83 L.Ed. 1082.

Isidore Englander and Ira Gollobin, both of New York City, for Charles A. Doyle, relator-appellant.

Carol King and Abraham Isserman, both of New York City, for Gerhart Eisler, relator-appellant.

Carol King and David M. Freedman, both of New York City, for John Williamson, relator-appellant.

Samuel Rosenwein and Abraham Unger, both of New York City, of counsel, for Charles A. Doyle, Gerhart Eisler, and John Williamson, relator-appellants.

William L. Standard and Carol King, both of New York City (William L. Standard and Edward J. Malament, both of New York City, of counsel), for Ferdinand C. Smith, relator-appellant.

John F. X. McGohey, U. S. Atty., of New York City (David McKibbin and Harold J. Raby, Asst. U. S. Attys., and Robert A. Vielhaber, Atty., U. S. Dept. of Justice, Immigration and Naturalization Service, all of New York City, of counsel), for respondent-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The above named relators were arrested and held at Ellis Island for deportation proceedings. In each case the warrant charged as a ground for deportation that the alien was a member of and affiliated with an organization that advocates the overthrow by force and violence of the Government of the United States, and was accordingly deportable under the provisions of the Act of October 16, 1918, as amended, 8 U.S.C.A. § 137(g). Each alien was denied bail pending deportation proceedings by the Attorney General and thereupon sued out a writ of habeas corpus in which he claimed that he should be admitted to bail as a matter of right and that the action of the Attorney General in denying bail was arbitrary and unlawful. These writs were dismissed in the case of each relator by Judge Bondy who however admitted each to bail pending appeal. Prior to the application to Judge Bondy, the relator Smith had sued out a writ upon a similar theory which was dismissed by Judge Medina who refused to grant bail pending appeal on the grounds that the court had no power to admit the alien to bail and that assuming it had such power bail should be denied on a consideration of the merits. The dismissal of the writs by both judges was based upon a holding that the power to admit to bail rested solely within the Attorney General's absolute discretion and in none of the cases was the question of an abuse of discretion considered by the court.

 We have carefully examined the contentions presented in the briefs and arguments on behalf of these relators and have dealt fully with issues identical with those before us here in the case of United States ex rel. Potash v. District Director of Immigration and Naturalization, 2 Cir., 169 F.2d 747, the opinion in which is filed herewith. There is no need of further discussion of legal principles which are equally applicable to Potash and the above relators. The varying facts and particular circumstances of each case do not cause any different result on this appeal and should prop-

erly be left to the District Court in its determination of each case. For the reasons we have stated in the Potash opinion we hold that the bail fixed by Judge Bondy in these four cases was lawfully allowed.

The orders dismissing the writs of habeas corpus in the cases of the various relators are reversed and each proceeding is remanded to the District Court with instructions to proceed in accordance with the views set forth in our opinion in the Potash appeal, which we adopt as applicable in determining the principles involved in these appeals.

CLARK, Circuit Judge, concurring upon the same grounds as those stated by him in his opinion in U. S. ex rel. Potash v. District Director.