UNITED STATES ex rel. PIRINSKY v. SHAUGHNESSY.

No. 289, Docket 21452.

United States Court of Appeals Second Circuit.

Argued Sept. 16, 1949.

Decided Sept. 30, 1949.

Carol King, of New York City (Isidore Englander and Harry M. Justiz, both of New York City, on the brief), for relator-appellant.

Harold J. Raby, Asst. U. S. Atty., of New York City (John F. X. McGohey, U. S. Atty., of New York City, and Louis Steinberg, Dist. Counsel, and Lester Friedman, Atty., New York Dist., Immigration and Naturalization Service, on the brief), for respondent-appellee.

Before SWAN and CLARK, Circuit Judges, and HINCKS, District Judge.

PER CURIAM.

The relator, an alien who entered this country in 1923, was taken into custody in deportation proceedings on September 23, 1948, and then released on $1,000 bail. On July 7, 1949, he was rearrested and all bail

refused. He then sought this writ of habeas corpus. At the first hearing the district judge after taking testimony ruled that under U. S. ex rel. Potash v. District Director of Immigration and Naturalization at Port of New York, 2 Cir., 169 F.2d 747, and U. S. ex rel. Doyle v. District Director of Immigration and Naturalization at Port of New York, 2 Cir., 169 F.2d 753, the denial of bail was an abuse of administrative discretion and the writ "must be sustained unless the Attorney General promptly releases the relator on bail in a reasonable amount." Thereafter the Attorney General set bail at $25,000, and the relator again sought release on the ground that the setting of such high bail was unreasonable. Another district judge, before whom the case then came, denied the application and discharged the writ, without opinion. This appeal followed.

It was brought out at the argument before us that the bail ultimately set was uniquely high in this type of proceeding. While that fact in itself should presumably not be controlling, since the issue in each case must be individual as to the amount reasonably designed to insure the alien's necessary attendance upon the proceedings, yet the circumstances of this relator are not such as to suggest unusual doubt as to his continued availability here. He has worked in this country since 1923 and has been an official in Macedonian and Bulgarian organizations here. He is married to an American citizen and has an infant son. Respondent, claiming also that the first district judge was in error in interfering with the Attorney General's denial of any bail, attempted to justify the bail set on the ground of the danger to public safety from his enlargement on bail. But the long administrative record, in evidence below, fails to show any immediate or particular danger to be expected from this individual, beyond other members of the Communist Party; and the administrative findings, filed since this proceeding was commenced, set forth no other ground than such party membership for his deportation. Unless, therefore, the Immigration Service intends to confine all alien Communists indefinitely during lengthy deportation proceedings, there is nothing in the record to justify the singling out of this individual for unusual treatment.

We believe the rule of law as a measure of some control of administrative discretion, established in the Potash and Doyle cases, requires a conclusion that the court below was in error in finding no abuse of administrative discretion in the matter and in not pursuing the course initiated by the first district judge, whose order was appropriate. The judgment is reversed and the proceedings remanded to the District Court with directions to proceed in accordance with the views herein expressed. Unless further facts then appear, bail in excess of $5,000 would seem unreasonable. The mandate to the District Court will issue at once. In view of this action, no decision upon the motion for bail pending appeal is necessary at this time.

Reversed and remanded.