## Ex parte MANGAOANG.
### No. 2417.

United States District Court
W. D. Washington, N. D.
Nov. 28, 1949.

After admitting petitioner to bail under a $5000 bond pending deportation proceedings against him as a deportable alien, the acting Director of Immigration and Naturalization at Seattle at the request of the Attorney General of the United States or those acting under his authority again took petitioner into the custody of that Director and required him to make bail or bond in the sum of $10,000 instead of the originally required $5000 bond.

Thereupon petitioner filed in this Court his petition for a writ of habeas corpus charging that such acts of the Director and the Attorney General were unlawful.

An order to show cause why petitioner should not be released from such custody was issued against the Director.

Caughlan & Hatten and Roy E. Jackson, Seattle, Wash., for petitioner.

John E. Belcher, United States Attorney, Seattle, Wash., for respondent Acting Director of Immigration and Naturalization.

BOWEN, Chief Judge.

I have read the affidavits and I have considered the return of the respondent, the acting Immigration and Naturalization Commissioner, whose actions and showing in response to the show cause order the Court regards as being done and made on behalf of the Attorney General of the United States as well as more specifically on behalf of respondent, and from such showing as is made, I am not convinced, considering all the things which have happened in the case, that the Attorney General or any officer acting under his authority has acted reasonably in the exercise of the Attorney General's discretion in fixing the amount of this bond.

There may be some fact not shown which if the Court knew would lead the Court to a different conclusion, but I am speaking with reference to facts shown here on this record, and also counsel's statement of the treatment accorded to this applicant while he was at liberty under the first or $5000 bond with respect to the permission given by the local authorities for applicant to go and come in and out of the jurisdiction of the local Director of Immigration and Naturalization in the conduct of applicant's business as a union representative.

■ The Court concludes from the foregoing that the action of the Attorney General through the officers under him in requiring of this applicant any bail in excess of $5000 in connection with deportation proceedings against the applicant was an abuse of the Attorney General's discretion in the matter of fixing the bail or bond.

■ The Court has entertained this proceeding believing the Court bound to do so by reason of the rulings of the United States Court of Appeals for the Second Circuit in the cases of U. S. ex rel. Potash v. District Director of Immigration and Naturalization at Port of New York, 169 F.2d 747, and U. S. ex rel. Doyle v. District Director of Immigration and Naturalization at Port of New York, 169 F.2d 753, and the more recent case decided September 30, 1949, entitled U. S. ex rel. Pirinsky v. Shaughnessy, 177 F.2d 708.

The Court will enter an order in this case, in form to be later settled and entered, requiring that if the petitioner presents to the District Director of Immigration and Naturalization a good and sufficient bail or bond, to be approved by said Director, in the penal sum of $5000, conditioned in the usual manner, thereupon the petitioner shall be released on such bail or bond. That bail or bond may be cash or it may be a surety bond on which an approved commercial corporate surety is the surety.