### UNITED STATES ex rel. BAUER v. McGRATH, U. S. Atty. Gen.

United States District Court
S. D. New York.

Nov. 29, 1949.

Gunther Jacobson, New York City, for relator.

Irving H. Saypol, United States Attorney, New York City, (Harold J. Raby, Assistant United States Attorney, New York City, of counsel), for respondents.

IRVING R. KAUFMAN, District Judge.

The relator, Frederick E. Bauer, who on June 6, 1949 was ordered deported from the United States, has applied to this Court for an order compelling the Attorney General to admit relator to administrative bail pending further proceedings, under pain of an order unconditionally sustaining a writ of habeas corpus dated November 17, 1949.

Relator, a native of Alsace, came to this country in 1930 and became a citizen of the United States in 1935. In 1938 he returned to Germany. In 1940 he became a member of the armed forces of that country, and eventually was transferred to the German military intelligence service. He returned to this country in August 1941 as a citizen with an American passport. He served in

the United States Army from May, 1942 to December, 1945, when he was given a discharge without honor or dishonor, because of his prior service in the German Army and his failure to reveal that service. Immediately thereafter relator was taken into custody by the Attorney General as an alien enemy and as an alien who had entered the United States without an immigration visa. In 1946 relator brought an action for a declaratory judgment that he was a citizen of the United States. The district judge dismissed the complaint, holding that relator had expatriated himself by taking an oath of allegiance to Germany at the time that he entered the German Army. The United States Court of Appeals for the Seventh Circuit affirmed that decree in Bauer v. Clark, 1947, 161 F.2d 397, certiorari denied, 1947, 332 U.S. 839, 68 S.Ct. 210, 92 L.Ed. 411. Relator then sued out a writ of habeas corpus in the Southern District of New York, which was dismissed by the district judge and affirmed in United States ex rel. Bauer v. Clark, 2 Cir., 1947, 161 F.2d 729. A further writ of habeas corpus was sued out and again dismissed, and the dismissal affirmed in Bauer v. Watkins, 2 Cir., 1948, 171 F.2d 492. The last opinion stated that the respondent in that action had not established the validity of relator's detention as an alien enemy since he was born in Alsace, which at the time of his proposed deportation was a part of France, thereby raising a question as to relator's citizenship. Therefore by entry of an order on mandate dated March 15, 1949, the district court recognized that the Government had abandoned its detention of the relator as an alien enemy and had elected to rely solely on the deportation proceedings.

The deportation proceedings were concluded by the issuance of a warrant of deportation dated January 31, 1949, which was affirmed by the Board of Immigration Appeals on June 6, 1949. This administrative decision was reviewed on another habeas corpus proceeding, and Judge Bondy, in an opinion dated July 28, 1949, held that Bauer was a deportable alien, but directed an administrative remand of the proceedings for further hearing on the question of Bauer's application for discretionary relief;

both parties appealed this determination and the matter is now scheduled for argument in the Court of Appeals, Second Circuit, on December 7, 1949, under the title Bauer v. Shaughnessy (Civ. 50–217). Bauer thereupon made a motion for judicial bail pending appeal, pursuant to the provisions of Rule 8 of the Rules of the United States Court of Appeals for the Second Circuit, which was denied by Judge Ryan on October 4, 1949.

The respondents in this proceeding contend that the Attorney General has no power to grant administrative bail once administrative proceedings have concluded, under Title 8 U.S.C.A. § 156. However, this section states that: "Pending the final disposal of the case of any alien so taken into custody, he may be released under a bond * * *." Since Judge Bondy has remanded the proceedings to the administrative agency for further hearings, it does not appear that the case is finally disposed of at this time.

However, the question of the power of the Attorney General to grant bail at this time need not be decided. The Attorney General has denied bail in this case. His determination is final in the absence of a clear and convincing showing by the alien that the denial was without reasonable foundation and that the Attorney General abused his discretion. Potash v. District Director of Immigration and Naturalization at Port New York, 2 Cir., 1948, 169 F.2d 747. In the Potash case and in the case of United States ex rel. Pirinsky v. Shaughnessy, 2 Cir., 177 F.2d 708, the Court of Appeals indicated that such abuse of discretion existed where the administrative proceedings were just beginning, would involve a close question of law which might take years to decide, and because there was no showing made that any immediate or particular danger was to be expected from the relators in those proceedings, beyond that from any other members of the Communist party. The court in the Potash case also indicated that the factors which the Attorney General should consider in exercising his discretion are, among others, the probability of the alien

700

being found deportable, the seriousness of the charge against him, if proved, the danger to the public safety of his presence within the community, and the alien's availability for subsequent proceedings if enlarged on bail.

In the instant case, it has been already determined, most recently by Judge Bondy, that relator is deportable. The only question is whether discretionary relief will be granted him. As far as the Immigration Service is concerned, they consider that the administrative proceedings have been concluded.

Furthermore, it is admitted by relator that he was inducted into the German Army and that he volunteered to serve the German Intelligence by being sent to the United States to perform espionage duties. He came here and revealed nothing about his connection with the German Army until confronted with the proof thereof by the Federal authorities. It is possible to infer from the facts as more fully stated in 161 F.2d at pages 402–404, that Bauer came to the United States intending to be a spy, although there has been no proof of any overt acts by Bauer which could be construed as acts of espionage, and it is not unreasonable to further infer that only his personal cowardice prevented him from committing these acts. In considering all of these factors, this Court does not feel that the Attorney General abused his discretion in denying bail to the relator. Certainly the relator by his service in the German Intelligence did not demonstrate any particular affection for America and indeed indicated a willingness to assist in its destruction. Can it be said that such an individual should be let loose in the community without the possibility of any danger resulting to it?

Furthermore, in denying judicial bail Judge Ryan reviewed the merits of relator's case. Rule 8 of the Rules for the 2d Circuit Court of Appeals stated that "the prisoner may be * * * enlarged * * * as to the court or judge rendering the decision may appear fitting in the circumstances of the particular case." Judge Ryan's determination was an original determination, rather than a review of a determination on the grounds of abuse of discretion. It is true that the application before Judge Ryan differed in form from the present application, however, the substance of the two applications is substantially the same. If relator's petition were to be granted, this Court would not only have to say that the Attorney General abused his discretion in denying bail, but that, in effect, Judge Ryan did likewise. Based on the reasons as aforestated, this Court cannot say that the denial of bail to relator was an abuse of discretion.

The writ of habeas corpus is accordingly dismissed, and the relator is remanded to the custody of the respondents.