## ZYDOK v. BUTTERFIELD, Director of the Immigration and Naturalization Service.

### No. 9883.

United States District Court
E. D. Michigan, S. D.
Nov. 10, 1950.

Allan N. Brown, Mitchell Schnaar, of Detroit, Mich., of counsel, Carol King, of New York City, for the petitioner.

Edward T. Kane, U. S. Atty., Joseph C. Murphy, Asst. U. S. Atty., Detroit, Mich., for the respondent.

THORNTON, District Judge.

### Findings of Fact

1. The petitioner, John Zydok, on October 24, 1950, by his attorney, filed a petition for a writ of habeas corpus wherein he alleges that his confinement "is not for any lawful cause or reason and not by virtue of any warrant, order or Constitutional process whatsoever and not for any crime or offense against the laws of the U. S. A."

2. The hearing on the petition was set for 2:00 o'clock on the same day at which time the petitioner was produced in court and was orally informed by Mr. Joseph C. Murphy, Chief Assistant United States District Attorney for the Eastern District of Michigan, as to the cause of his detention by the respondent, and at which time the Government requested an adjournment of three days in order to make a formal return, which request was granted by the Court.

3. The answer and return to the petition by the respondent alleges that the petitioner is an alien and that pursuant to a warrant dated June 30, 1949, issued by W. F. Kelly, Assistant Commissioner, Enforcement Division of the Immigration and Naturalization Service, and by direction of the Acting Commissioner of the Immigration and Naturalization Service, the petitioner, John Zydok, on October 23, 1950, was arrested and taken into custody; and that there is presently pending before the Immigration and Naturalization Service at Detroit, Michigan, a proceeding under the aforesaid warrant to determine the deportability of the petitioner, John Zydok, and that a hearing was held beginning September 19, 1950, and continued without date at the request of this petitioner, and that under the authority contained in Section 20 of the Immigration Act of 1917, as amended by Section 23 of the Subversive Activities Control Act of 1950, the Attorney General, acting through his duly authorized representatives, directed that this petitioner, John Zydok, be continued in custody.

4. Appended to and made a part of the answer returned by the respondent was the afterdescribed warrant:

"Warrant

For Arrest Of Alien

"Form I-200
(Rev. 5-1-45)
U.S. Department of Justice
Immigration and
Naturalization Service
        "United States Of America
            "Department of Justice
                "Washington
    "0800-65204
No. A-5098547

To  District Director of Immigration and Naturalization, Detroit, Michigan

Or  to any Immigrant Inspector in the service of the United States.

"Whereas, from evidence submitted to me, it appears that the alien Iwan Zydok or John Zydok alias Johnson who entered this country at New York, New York ex SS 'Carpathia' on the 23rd day of June, 1913 has been found in the United States in violation of the immigration laws thereof, and is subject to be taken into custody and deported pursuant to the following provisions of law, and for the following reasons, to wit: The Act of October 16, 1918, as amended, in that he was, after entry a member of the following class, set forth in Section 1 of said Act: An alien who is a member of an organization, association, society, or group that advises, advocates, or teaches the overthrow, by force or violence of the Government of the United States; and the Act of October 16, 1918, as amended, in that he was, after entry a member of the following class, set forth in Section 1 of said Act: An alien who is a member of an organization, association, society, or group that writes, circulates, distributes, prints, publishes, or displays any written or printed matter advising, advocating or teaching the overthrow, by force or violence, of the Government of the United States.

"I, by virtue of the power and authority vested in me by the laws of the United States, hereby command you to take into custody the said alien and grant him a hearing to enable him to show cause why he should not be deported in conformity with law. The expenses of detention, hereunder, if necessary, are authorized payable from the appropriation 'Salaries and Expenses, Immigration and Naturalization Service, 1949.' Authority has been granted for release under bond in the sum of $2000.

"For so doing, this shall be your sufficient warrant.

"Witness my hand and seal this 30th day of June, 1949.

                    /s/ W. F. Kelly
                        W. F. Kelly
                        Assistant Commissioner
                        Enforcement Division"

dmg

5. The traverse filed by the petitioner on November 3, 1950, alleges substantially as follows:

"1. The relator was arrested and is being held without bail in custody, without any legal process whatsoever; the original warrant of arrest has lost its force as an arresting instrument."

"2. The re-arrest of the relator is not within the terms of section 23(a) of the Internal Security Act of 1950."

"3. Section 23(a) of the Internal Security Act of 1950, does not authorize the detention of the relator without bail. In many district courts in the United States, it has been held that an alien cannot be held without bail because of the Internal Security Act of 1950."

"4. The re-arrest of the relator is an abuse of discretion by the Attorney General in violation of the Fifth and Eighth Amendments to the Federal Constitution."

"5. The re-arrest of the relator is not for the ordinary purposes of bail, but for the improper and indirect purpose of compelling him to apply for travel documents."

"6. The re-arrest of the relator and his detention without bail, is a violation of the First Amendment to the Federal Constitution, and serves to discriminate against him because of his views and associations."

6. That the petitioner is an alien who has resided in the United States since June 1913.

7. That pursuant to the said warrant the petitioner was arrested in August 1949, released under $2000.00 bail, and remained at large on bail until October 23, 1950.

8. That a deportation proceeding is presently pending against the petitioner based upon the charges set forth in the aforementioned warrant.

9. That the petitioner was taken into custody on the 23rd day of October, 1950, by the respondent under the provisions of Section 23 of the Subversive Activities Control Act of 1950.

10. That the necessity for the Subversive Activities Control Act, as set forth in the Act itself, is, in part, as follows: "The Communist movement in the United States is an organization numbering thousands of adherents, rigidly and ruthlessly disciplined. Awaiting and seeking to advance a moment when the United States may be so far extended by foreign engagements, so far divided in counsel, or so far in industrial or financial straits, that overthrow of the Government of the United States by force and violence may seem possible of achievement, it seeks converts far and wide by an extensive system of schooling and indoctrination. Such preparations by Communist organizations in other countries have aided in supplanting existing governments. The Communist organization in the United States, pursuing its stated objectives, the recent successes of Communist methods in other countries, and the nature and control of the world Communist movement itself, present a clear and present danger to the security of the United States and to the existence of free American institutions, and make it necessary that Congress, in order to provide for the common defense, to preserve the sovereignty of the United States as an independent nation, and to guarantee to each State a republican form of government, enact appropriate legislation recognizing the existence of such world-wide conspiracy and designed to prevent it from accomplishing its purpose in the United States."

■ 11. That on May 25, 1949, the petitioner was a member of the Communist Party and was financial secretary of the Hamtramck Section of the Communist Party of Michigan for the year 1949.

12. That on the 23rd day of October, 1950, the United States Department of Justice had in its possession information to the effect that the petitioner was a member of the Communist Party, and that he was financial secretary of the Hamtramck Section of the Communist Party of the State of Michigan for the year 1949.

13. That on the 7th day of November, 1950, the adjourned hearing on the petition for writ of habeas corpus filed herein was resumed and extended over to the 8th day of November, 1950; and that on the 7th and 8th days of November, 1950, the petitioner, while testifying in support of his petition for a writ of habeas corpus, did not testify that he was not a member of the Communist Party.

14. That during the hearing on the said petition the petitioner offered no testimony or evidence to the effect that he is not presently a member of the Communist Party.

15. That on the 23rd day of October, 1950, the petitioner was a member of the Communist Party.

16. That the petitioner, while under cross-examination by the Chief Assistant United States Attorney, was a consistently evasive witness and his evasive demeanor in testifying in relation to his communistic activities convinces this Court that he is knowingly and wilfully participating in the Communist movement.

17. That this Court finds that there has been no abuse of discretion by the Attorney General in continuing the petitioner in custody without bond.

### Conclusions of Law

1. The action of the Attorney General in the instant matter is authorized by that part of the Subversive Activities Control Act of 1950 which reads as follows: "Pending final determination of the deportability of any alien taken into custody under warrant of the Attorney General, such alien may, in the discretion of the Attorney General (1) be continued in custody; or (2) be released under bond in the amount of not less than $500, with security ap-

proved by the Attorney General; or (3) be released on conditional parole." (Section 23)

■ 2. The petitioner, after being released on bail in the deportation proceedings, remained in the constructive custody of the Department of Justice so that it was not necessary to issue a new warrant to re-take him into actual custody.

3. Section 23 of the Subversive Activities Control Act of 1950 provides for continuing in custody an alien who has been previously taken into custody under a warrant of the Attorney General if the said alien is the subject of a pending deportation proceeding, and thereby a re-taking into actual custody of this petitioner is within the contemplation of this statute.

4. Section 23 of the Subversive Activities Control Act of the Internal Security Act of 1950 authorizes the continued custody of the petitioner without bail within the discretion of the Attorney General.

■ 5. That this Court has jurisdiction to review the action of the Attorney General of the United States in exercising his discretion of continuing the petitioner in custody without bail. United States ex rel. Potash v. District Director of Immigration and Naturalization, 2 Cir., 169 F.2d 747; Colyer v. Skeffington, D.C., 265 F. 17; United States ex rel. Pappis v. Tomlinson, D.C., 45 F.Supp. 447; Yanish v. Phelan et al., D.C., 86 F.Supp. 461.

■ 6. That the action of the Attorney General in continuing the petitioner in custody under the provisions of the Subversive Activities Control Act of 1950 does not violate the First, Fifth and Eighth Amendments of the Constitution of the United States.

7. That the petitioner, through his counsel, Mr. Alan Brown, has conceded that if this Court determines that it has jurisdiction to review the action of the Attorney General in continuing the petitioner in custody without bail, then, and in that event, Section 23 of the said Act is not unconstitutional.

■ 8. In reviewing the action of the Attorney General under the provisions of this Act the petitioner has the burden of establishing abuse of discretion. He must make "a clear and convincing showing as would justify the District Court in holding that there has been an abuse of discretion." United States ex rel. Potash v. District Director of Immigration and Naturalization, 2 Cir., 169 F.2d 747, 752. Yanish v. Phelan et al. D.C., 86 F.Supp. 461; United States ex rel. Doyle v. District Director of Immigration and Naturalization at Port of New York (United States ex rel. Eisler v. District Director of Immigration and Naturalization at Port of New York; United States ex rel. Williamson v. District Director of Immigration and Naturalization at Port of New York; United States ex rel. Smith v. District Director of Immigration and Naturalization at Port of New York, two cases), 2 Cir., 169 F.2d 753.

■ 9. That the petitioner has failed to make any showing that would justify this Court in holding that there has been an abuse of the discretion vested in the Attorney General under the provisions of Section 23 of the Subversive Activities Control Act of 1950 in continuing the petitioner in custody without bail; and that accordingly this Court concludes that there has been no abuse of discretion by the Attorney General.

10. In appearing as a witness in his own behalf, the petitioner had ample opportunity to testify that he was not a member of the Communist Party and part of the Communist movement in the United States as of the date of his arrest on October 23, 1950.

It is, therefore, ordered that the within petition for writ of habeas corpus be, and the same hereby is denied.