**ZYDOK v. BUTTERFIELD, Director of Immigration & Naturalization.**

No. 11312.

United States Court of Appeals
Sixth Circuit.

March 26, 1951.

Carol King, New York City (Carol King, New York City, and Alan N. Brown, Detroit, Mich., on the brief), for appellant.

Joseph Murphy, Detroit, Mich. (Edward T. Kane, Joseph C. Murphy, and Harry Kobel, Detroit, Mich., on the brief), for appellee.

Before HICKS, Chief Judge, ALLEN and MILLER, Circuit Judges.

HICKS, Chief Judge.

Appeal from an order of the district court dismissing a writ of habeas corpus.

Appellant, John Zydok, an alien, entered the United States in 1913. He was arrested in August, 1949 upon a warrant issued by the Assistant Commissioner, Enforcement Division, Immigration and Naturalization Service of the United States Department of Justice. The warrant charged that he was found in the United States in violation of the Immigration Laws. The specific charge was that he was a member of an organization that advised, advocated or taught the overthrow,

by force or violence, of the Government of the United States; and which wrote, circulated, distributed, printed, published or displayed written or printed matter advising, advocating or teaching the overthrow, by force or violence, of the Government.

Appellant was released under bond in the sum of $2,000.00. The condition of the bond was that appellant "shall be produced when required for a hearing or hearings in regard to the charge upon which he has been taken into custody, and for deportation if he should be found to be unlawfully in the United States." 8 U.S.C.A. § 156, Sec. 20 of the Immigration Act of 1917.

Following appellant's arrest, a deportation proceeding was instituted against him before the Immigration and Naturalization Service at Detroit, Mich., to determine the deportability of appellant and this proceeding was pending when appellant was again arrested on October 23, 1950. His rearrest was based upon the following provision of Sec. 23 of the Internal Security Act of 1950, to wit: "* * * Pending final determination of the deportability of any alien taken into custody under warrant of the Attorney General, such alien may, in the discretion of the Attorney General (1) be continued in custody; or (2) be released under bond in the amount of not less than $500, with security approved by the Attorney General; or (3) be released on conditional parole", and was without warrant. He was held in prison without bail; hence the writ of habeas corpus.

The pertinent question here is, whether the Attorney General abused his discretion in causing appellant to be held without bail.

It is undeniably true that appellant was, before his original arrest, a member of the Communist Party and was financial secretary of the Hamtramck Division of the Communist Party of Michigan for the year 1949 and that as such secretary he assisted in the collection of funds to be used in the defense of the Communist Party leaders who were tried and convicted in New York under the Smith Act, 18 U.S.C.A. § 2385, of conspiring to advocate the overthrow of the Government and that the United States Department of Justice had information to that effect when appellant was rearrested. If in the exercise of sound judgment upon whether appellant should have been continued in custody, or have been released on bail, the Attorney General was limited to a consideration of the undisputed fact that appellant was a Communist, little may be urged against his decision in view of the preamble to the Internal Security Act of 1950. But we think that in determining whether appellant should have been granted or denied bail the Attorney General had a much wider latitude for decision.

Discretion does not mean decision upon one particular fact or set of facts. It means rather a just and proper decision in view of all the attending circumstances. The Styria v. Morgan, 186 U.S. 1, 9, 22 S.Ct. 731, 46 L.Ed. 1027. There are many circumstances which involve decision.

Appellant was seventeen years of age when he arrived in this country from Poland in 1913. Since then he has lived continuously in the State of Michigan. He has been a waiter in an English speaking restaurant in Hamtramck, Mich., for seventeen years and for a great part of that time he was head waiter. He owns his own home in Detroit and has a family consisting of his wife, two sons, a daughter, and five grandchildren. Both sons served in the armed services of the United States in World War II. His children and grandchildren were born in this country and his daughter married here. During World War II while appellant was head waiter in the restaurant he sold about $50,000.00 worth of U. S. War Bonds and during that period he donated blood on seven occasions to the Red Cross for the United States Army.

Before his second arrest and while he was at large on bail he reported regularly to the Department of Immigration and Naturalization Service. The record fails to disclose that he has violated any law or that he is engaged or is likely to engage in, any subversive activities. The fact

that he assisted in collecting funds for the aid of the Communist defendants being tried under the Smith Act can hardly be regarded as an objection to the allowance of bail, for these defendants themselves were allowed bail after the affirmance of their convictions and even during the pendency of their appeals. Williamson v. United States, 2 Cir., 184 F.2d 280, opinion by Mr. Justice Jackson, pending certiorari.

The deportation proceedings against appellant have been pending since October, 1949 and there is no indication of an early termination thereof. In the meantime appellant is confined in jail.

The purpose of granting bail is to secure the presence of appellant when and as required. The denial of it is not intended as punishment. If bail is granted in some fair amount there is no reasonable ground to indicate that appellant would forfeit it.

The district court seemed of the opinion that it was the duty of appellant to make such clear and convincing showing as would justify it in holding that the Attorney General or his subordinates had gone beyond the limit of sound discretion in denying bail and the court found that as a witness appellant had ample opportunity to testify that he was not a member of the Communist Party or a part of the Communist movement at the date of his last arrest. While on the witness stand appellant claimed his conditional privilege against self-incrimination and upon that ground declined to testify touching his Communistic relations. We think that his refusal to so testify should not have operated against him. Blau v. United States, 340 U.S. 159, 71 S.Ct. 223.

We think that a fair consideration of the factors above set out in their aggregate require that appellant should have been granted bail in some reasonable amount. This view is more nearly in accordance with the spirit of our instititions as it relates even to those who seek protection from the laws which they incongruously seek to destroy. See Carson v. Landon, Dist. Director, 9 Cir., 186 F.2d

183; United States ex rel. Potash v. Dist. Director, 2 Cir., 169 F.2d 747, 752.

The result is that the order dismissing the writ of habeas corpus is reversed and the case remanded to the district court with directions to proceed in accordance with the views herein expressed.

Reversed.