**UNITED STATES ex rel. BURLEIGH v. SHAUGHNESSY, District Director, Immigration and Naturalization Service.**

United States District Court
S. D. New York.

Nov. 16, 1951.

Feingold & Falussy, New York City, for relator.

Myles J. Lane, U. S. Atty., New York City, for respondent.

DIMOCK, District Judge.

This is a habeas corpus proceeding which raises the question whether setting the amount of $5,000. as bail for the release of an alien held in custody pending deportation proceedings is reviewable and if so whether it constituted an abuse of discretion by the Attorney General. The contention of the relator is that the Attorney General's action was arbitrary and capricious and violative of the Eighth Amendment of the Constitution of the United States forbidding excessive bail.

The relator is charged in the warrant with being in the United States in violation of the immigration laws, specifically the Act of October 16, 1918, as amended, 8 U. S.C.A. § 137, in that he is an alien who was, prior to entry, a member of the Communist Party of the United States.

■ Since this case can be disposed of without consideration of the serious constitutional question presented, it will be unnecessary to discuss that issue more than to say that the Eighth Amendment, even if not specifically applicable here, ·is expressive of the spirit of our institutions and our mode of government.

Prior to September 23, 1950, the statute dealing with the release of aliens in pending deportation cases, read in part: "Pending the final disposal of the case of any alien so taken into custody, he may be released under.a bond in the penalty of not less than $500". 8 U.S.C. § 156.

A decision of the Court of Appeals in this Circuit held that this provision did not give the Attorney General unlimited power over the admission to bail of aliens against whom deportation proceedings were pending. While the statute placed the general determination of bail in the hands of appropriate officials, the court held that the statute was not intended to give them absolute power, unreviewable for abuse. United States ex rel. Potash v. District Director of Immigration and Naturalization, 2 Cir., 169 F.2d 747.

A later decision in this Circuit, United States ex rel. De Geronimi v. Shaughnessy, 2 Cir., 187 F.2d 896, raises the question whether the Internal Security Act of 1950, which amends the provision above quoted, gives the Attorney General unreviewable discretion as to release on bail. That case, however, disclaims any need for decision of the question thus raised under the facts there presented. The section, as amended, reads: "Pending final determination of the deportability of any alien taken into custody under warrant of the Attorney General, such alien may, in the discretion of the Attorney General (1) be continued in custody; or (2) be released under bond in the amount of not less than $500, with security approved by the Attorney General; or (3) be released on conditional parole." 8 U.S.C. Supp. IV, § 156(a).

■ The intention to give greater finality to action by the Attorney General is certainly not apparent and courts in other circuits have, since the amendment took effect, reviewed the Attorney General's action. United States ex rel. Heikkinen v. Gordon, 8 Cir., 190 F.2d 16; Zydok v. Butterfield, 6 Cir., 187 F.2d 802; Carlson v. Landon, 9 Cir., 186 F.2d 183. This application will, therefore, be entertained on the theory that jurisdiction to review such action still resides in the District Courts.

The question as to the standard of the review still remains. In Carlson v. Landon, 9 Cir., 187 F.2d 991, at page 993, the court stated that: "some fact upon which the discretion denying release on bail was based must be revealed by the Attorney General showing that such order was the result of a reasoned conclusion from relevant facts." Applying the rule thus enunciated, the court held that the record did not disclose any abuse of discretion by the Attorney General.

The rule is differently stated in Zydok v. Butterfield, 6 Cir., 187 F.2d 802, at page 803: "Discretion does not mean decision upon one particular fact or set of facts. It means rather a just and proper decision in view of all the attending circumstances."

■ The rule of the Zydok case will be applied in the decision of the present application. The question is whether the action of the Attorney General was so arbitrary and capricious as to amount to an abuse of discretion. The rule in the Zydok case is the same as that expressed more fully when the Circuit Court of Appeals for this Circuit set up the standard for review under the unamended statute in United States ex rel. Potash v. District Director of Immigration and Naturalization, 169 F.2d 747, at page 751, supra, where Circuit Judge Augustus N. Hand said: "The discretion of the Attorney General which we held to exist in the Zapp case [United States ex rel. Zapp v. District Director of Immigration & Naturalization, 2 Cir., 120 F.2d 762] is interpreted as one which is to be reasonably exercised upon a consideration of such factors, among others, as the probability of the alien being found deportable, the seriousness of the charge against him, if proved, the danger to the public safety of his presence within the community, and the alien's availability for subsequent proceed-

ings if enlarged on bail. However, in any consideration of his denial of bail it should always be borne in mind that the court's opinion as to whether the alien should be admitted to bail can only override that of the Attorney General where the alien makes a clear and convincing showing that the decision against him was without a reasonable foundation."

It has been said in another deportation case where the amount of administrative bail set was found to be unreasonable and its exaction therefore an abuse of discretion that "the issue in each case must be individual as to the amount reasonably designed to insure the alien's necessary attendance upon the proceedings". United States ex rel. Pirinsky v. Shaughnessy, 2 Cir., 177 F.2d 708, 709.

█ Turning now to the circumstances of this particular case, the undenied sworn statements of the relator are that he was born in England in 1909, that he lawfully entered the United States in 1938 and that he has resided here since. He has been outside the United States on different occasions since 1938. For the past eight years he has resided at the same address in New York City. At present, he is engaged in business for himself, operating a food market in New York City.

There is no affidavit in support of the return and the return does not allege that the relator was actually a member of the Communist Party of the United States, which is the charge in his deportation proceedings. With respect to the relator, it only alleges in two general statements that he has been engaged in certain described activities of the Communist Party and those of an unnamed organization listed as subversive by the Attorney General. All of this is categorically denied in the traverse sworn to by relator. The return is unverified and makes no attempt to present any evidence in support of the action of the Attorney General. It merely states that the Attorney General in fixing the bail acted upon factors, among others, therein described and stated to appear in the "confidential records" of the relator's case.

The enumerated "factors" are listed under paragraphs lettered "a" to "f" inclusive, and of these six paragraphs only the last two refer to the relator as distinguished from members of the Communist Party in general. In their entirety they read as follows:

"(e) The relator is known to have participated in the distribution of propaganda for at least one organization listed as subversive by the Attorney General.

"(f) The relator has actively engaged in the activities of the Communist Party, attended their meetings and otherwise contributed his time and efforts in distributing Communist Party literature and participating in the functions of that Party."

There is no allegation in the return that the relator is a "security risk" or that his activities in the Communist Party were recent.

The facts of the relator's long residence in the United States and in New York City added to his business interest here point strongly to the relator's future availability. The fact that he has lawfully been outside of the United States on previous occasions hardly shows otherwise. While the charge made against the relator is a serious one, the Supreme Court has indicated that, in criminal proceedings at least, a charge of membership in the Communist Party is not per se a legitimate factor in support of high bail. Stack v. Boyle, 72 S.Ct. 1. On the record before this court, a finding that relator is deportable appears unlikely and there is no indication here that his release would create a danger to the public safety or welfare.

These facts add up to a clear and convincing showing that the amount of bail fixed by the Attorney General is without a reasonable foundation and therefore constitutes an abuse of discretion.

█ The writ must be sustained unless the Attorney General releases the relator on bail in a reasonable amount.

Unless further facts appear, bail in excess of $2,000. would seem unreasonable.

Settle order on notice.