**YANISH v. PHELAN et al.**
No. 29013.

United States District Court
N. D. California, S. D.
Sept. 23, 1949.

462

Gladstein, Andersen, Resner & Sawyer, San Francisco, Cal., for petitioner.

Frank J. Hennessy, United States Attorney, Edgar R. Bonsall, Assistant United States Attorney, San Francisco, Cal., for respondents.

ERSKINE, District Judge.

Respondent's motion for a rehearing on his motion to dismiss the complaint herein is hereby denied. Respondent has stipulated that the unlawful condition heretofore inserted in the bond will be eliminated. Such action, however, does not fully meet all the legitimate objections raised by petitioner.

The setting of bail and the amount thereof is within the discretion of the Attorney General, or his administrative subordinates in the Immigration and Naturalization Service. United States ex rel. Zapp v. District Directors of Immigration & Naturalization, 2 Cir., 120 F.2d 762. This discretion is not unlimited but is subject to court review where allegedly exercised in a capricious and arbitrary manner. United States ex rel. Potash v. District Director of Immigration and Naturalization, 2 Cir., 169 F.2d 747; Colyer v. Skeffington, D.C., 265 F. 17; United States ex rel. Pappis v. Tomlinson, D.C., 45 F.Supp. 447. The petitioner is entitled to an opportunity to show that there has been a breach of such discretion. If he can make a clear and convincing showing that the decision of the respondent was without reasonable foundation, the injunction will issue. In the absence of such proof the administrative determination is final.

The other grounds advanced by respondent in support of the motion to dismiss cannot be upheld. The Attorney General of the United States is not an indispensable party respondent in this case. Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95; Yanish v. Wixon, D.C.Cal.N.D.1948, 81 F.Supp. 499. Nor can it be maintained that the petitioner has a plain, speedy and adequate remedy in a habeas corpus proceeding; that writ is available only where there is a present, unlawful and physical restraint of one's liberty.

Pending final determination of this cause, the original temporary restraining order shall remain in effect.