**CONNOR v. MILLER et al.**

No. 132, Docket 21520.

United States Court of Appeals
Second Circuit.

Submitted Dec. 16, 1949.

Decided Dec. 30, 1949.

Sidney Kansas and Herbert Zelenko, both of New York City, for petitioner-appellant.

Irving H. Saypol, U. S. Atty., of New York City (Harold J. Raby, Asst. U. S. Atty., of New York City, of counsel), for respondents-appellees.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

Petitioner, an alien whose appeal from an order for his deportation has been dismissed by the Board of Immigration Appeals, but who has not been taken into custody, asks us now to decide the question reserved for this Circuit in Azzollini v. Watkins, 2 Cir., 172 F.2d 897, as to the reviewability of such an order by direct petition under Administrative Procedure Act, § 10, 5 U.S.C.A. § 1009. It is provided in 8 U.S.C.A. § 155(a), however, that the decision of the Attorney General for deportation "shall be final"; and the District Court has determined that the petitioner's rights are limited to such questions as he can raise on a petition for a writ of habeas corpus after he has been taken into custody. But there is a preliminary question, raised on behalf of the respondents by the special appearance and affidavit entered in their behalf by the Assistant United States Attorney, as to the jurisdiction of the court over them. The proceeding was instituted below by an order to show cause; and there appears to have been no service at all upon the respondents, much less service which would satisfy the requirements of Federal Rules of Civil Procedure, rule 4(d), 28 U.S.C.A. Further, the Attorney General, to whom final decision is entrusted, resides in Washington, D. C.; and so also does the Commissioner of Immigration and Naturalization, both of whom are named as respondents. Personal service of course would not run to the District of Columbia. Toland v. Sprague, 12 Pet. 300, 328, 37 U.S. 300, 9 L.Ed. 1093; Weinberg v. United States, 2 Cir., 126 F.2d 1004; cf. F.R. 4(f); Mississippi Pub. Co. v. Murphree, 326 U.S. 438,

442, 66 S.Ct. 242, 90 L.Ed. 185. The civil rules must apply in the absence of express statute, F.R. 1, 81; the lack of such authority here is really emphasized by the provisions of § 10 supra for review in a court of "competent jurisdiction." Hence we think it clear that the court acquired no jurisdiction to adjudicate the issue.

Affirmed.