## PODOVINNIKOFF v. MILLER et al.
### No. 10071.

United States Court of Appeals Third Circuit.

Argued Jan. 17, 1950.

Decided Jan. 30, 1950.

938

William Cohen, Philadelphia, Pa., for petitioner.

James P. McCormick, Asst. U. S. Atty, Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., F. W. Braden, District Adjudications Officer, Philadelphia, Pa., on the brief), for respondents.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

The petitioner seeks review of a deportation order relying on the Administrative Procedure Act, 5 U.S.C.A. §§ 1001–1011, as the basis for the relief claimed. The petition was dismissed by the District Court.

One ground of the dismissal was that the court had no jurisdiction for review under the Administrative Procedure Act. That question was considered and decided by this Court in a decision upholding jurisdiction in United States ex rel. Trinler v. Carusi, 3 Cir., 1948, 166 F.2d 457. The judgment in that case was later vacated solely on the ground that no timely substitution had been made of the successor to the Commissioner of Immigration and Naturalization. 3 Cir., 1948, 168 F.2d 1014. The same proposition has been considered by the Court of Appeals for the District of Columbia and its decision coincides with the view expressed in our decision. Kristensen v. McGrath, D.C.Cir.1949, 179 F.2d 796. Upon this point we adhere to the view earlier expressed and regard the District Court as in error.

The second point on which dismissal was granted was lack of jurisdiction over the persons of indispensable parties. This was partially but not wholly correct. Karl I. Zimmerman, District Director of Immigration and Naturalization, was served within the Eastern District of Pennsylvania. He is before the court. But no order was made by him and there is, therefore, no action of his to review. The other defendant is Watson B. Miller, Commissioner of Immigration and Naturalization. He was notified by mail of the pending suit. This was insufficient. Under the statute he is to be served in the district where he resides, 28 U.S.C. § 112 (1946), now 28 U.S.C.A. § 1391(b), and his "residence" for the purpose of the suit is in the District of Columbia, where he performs the duties of his office. As the authorities in the petitioner's brief show, the Commissioner is an indispensable party in this litigation. Hartmann v. Federal Reserve Bank, D.C. E.D.Pa.1944, 55 F.Supp. 801; Juell v. Commissioner of Immigration and Naturalization, D.C.E.D.N.Y.1941, 37 F.Supp. 533, affirmed 2 Cir., 1941, 121 F.2d 728. Since the court had no jurisdiction over an indispensable party, dismissal was proper.

Since the dismissal is not to be affirmed on the merits but on the lack of the court's authority to proceed in the absence of an indispensable party, it is without prejudice to further proceedings in a district where the indispensable party can be brought before the court.

The judgment will be affirmed.