de KONING v. ZIMMERMAN, District Director of Immigration and Naturalization.

No. 10181.

United States District Court
E. D. Pennsylvania.

Feb. 13, 1950.

892

Abram Orlow, Philadelphia, Pa., for plaintiff.

Gerald A. Gleeson, United States Attorney, Philadelphia, Pa., James P. McCormick, Assistant United States Attorney, Philadelphia, Pa., for defendant.

GANEY, District Judge.

This case arises upon a motion to dismiss a complaint in a civil action. The action was brought (1) to have defendant's order, notifying the plaintiff to depart the United States, declared null and void, and (2) to review a decision of the Board of Immigration Appeals, or for a declaratory interpretation of Sec. 19(c) (2) (b) of the Immigration Act of 1917, as amended [1]. Without regard to the merits of his case, that decision, as a matter of law, denied plaintiff the right of seeking discretionary suspension of his pending deportation by the Attorney General of the United States under Sec. 19(c) (2) (b).

In substance the following facts are averred in the complaint. The plaintiff, a citizen of the Netherlands, was allowed to enter the United States in 1922 for permanent residence. That was his first entry into this country. He remained here until 1930, a period of more than seven consecutive years. Sometime thereafter he obtained a non quota visa as a returning resident alien through the American Consulate General in Holland. However, he did not return here until October 29, 1946, when he was admitted for a temporary period of three months as a business visitor [2]. He has remained here since that date. Subsequently a warrant of arrest in deportation proceedings was issued against him by the immigration authorities [3]. The warrant charged him with being subject to deportation because he was violating the provisions of the Immigration Act of 1917, as amended in 1924, 8 U.S.C.A. § 145 et seq., in that he failed to maintain his exempt business status. In the course of the deportation proceedings, he applied for suspension of his deportation, or in the alternative for voluntary departure with pre-examination. The Commissioner of Immigration recommended voluntary departure but denied all other relief requested by plaintiff. Upon review of this recommendation and denial, the Board of Immigration Appeals, on September 13, 1949, dismissed the plaintiff's appeal. On October 6, 1949, after he was

1. Act of February 5, 1917, ch. 29, 39 Stat. 874, as amended, 8 U.S.C.A. §§ 101 et seq., 155 (c) (2) (b).

2. The date when his visa expired does not appear in the complaint, but the defendant informs us in his brief that the visa was extended a number of times and finally expired on May 1, 1948.

3. The issuing date of the warrant does not appear on the face of the complaint, but here again the defendant tells us in his brief that the date was July 26, 1948.

notified and advised by the District Director of Immigration, the defendant herein, to depart the United States within sixty days of receipt of the notice, plaintiff brought this civil action.

On the same day this court issued an order to show cause why defendant's order directing plaintiff to depart should not be declared null and void. At the time the show cause order was signed by the court, plaintiff was not in defendant's custody, nor has he been taken into custody since.

The defendant's motion poses four questions, the answer to any one of which in favor of the defendant will require us to dismiss the complaint. They are as follows: (1) Are deportation proceedings subject to review under the provisions of Sec. 10 of the Administrative Procedure Act, 60 Stat. 243, 5 U.S.C.A. § 1009? (2) Is the defendant a proper party to this action? (3) Is the defendant's order reviewable? (4) Does Sec. 19(c) (2) (b) of the Immigration Act of 1917, as amended, grant to the plaintiff the right to file an application for discretionary suspension of deportation based on his residence in this country? A single paragraph will be devoted to answering each of the questions posed.

■ 1. The case of Podovinnikoff v. Miller, Commissioner of Immigration, et al., 3 Cir., 179 F.2d 937, January 30, 1950 has answered the first question for us. In answering that question, our Court of Appeals adhered to the views expressed in United States ex rel. Trinler v. Carusi, 3 Cir., 1948, 166 F.2d 457.

■ 2. The test for determining whether a subordinate official is a proper party to an action is set forth in Williams et al. v. Fanning, 1947, 332 U.S. 490, 494, 68 S.Ct. 188, 92 L.Ed. 95, and in Hynes v. Grimes Packing Co., 1949, 337 U.S. 86, 96, 69 S.Ct. 968. If the order of the defendant or his superior be declared null and void and the defendant insists on enforcing that order after it has been declared null and void, a decree by this court restraining him from proceeding any further with the enforcement of that order will effectively grant the relief desired by plaintiff against that particular defendant.[4] See Yanish v. Phelan et al., D.C.N.D.Cal.1949, 86 F.Supp. 461.

■ 3. In the event that plaintiff fails to comply with defendant's "notice" within the time specified therein, an order of deportation will be issued against him. Because the latter has not been issued, defendant contends that his "notice" to plaintiff to depart voluntarily is not an order and therefore not reviewable by this court. The case of Chicago & Southern Air Lines v. Waterman S. S. Corp., 1948, 333 U.S. 103, 68 S.Ct. 431, 92 L.Ed. 568, tells us that an administrative order is reviewable if it imposes an obligation on the complaining party. Defendant's "notice" to depart does just that. We, therefore, since plaintiff has pursued his administrative remedies, need not wait until the ultimate order of deportation is issued before we have authority to declare defendant's order or the one he is enforcing as having no legal effect.

■■ 4. Section 19(c) of the Immigration Act of 1917, as amended, 8 U.S.C.A. § 155(c) provides, in pertinent part as follows: "In the case of any alien * * * who is deportable under any law of the United States and who has proved good moral character for the preceding five years, the Attorney General may * * * (2) suspend deportation of such alien if he is not ineligible for naturalization * * * if he finds * * * (b) that such alien has resided continuously in the United States for seven years or more and is residing in the United States upon the effective date of this Act. * * *" Defendant points out, as did the Board of Immigration Appeals in its decision, that the first draft[5] of the amending act did not contain the provision "and is residing in the United States upon the effective date of this Act". Its addition in the amending Act[6], as passed,

4. Defendant's authority to enforce an order similar to the one in the instant case is set forth in 8 CFR, 1949, Sec. 60.24 et seq.

5. H.R. 2933 (Fellows Bill), 80th Cong., 1st Sess. (April 2, 1947).

6. Act of July 1, 1948, c. 783, 62 Stat. 1206, 8 U.S.C.A. § 155 (c).

894

they claim, was made by Congress for two reasons. The first was to rule out any prospective effect which might be given to the seven-year period with respect to any relief which might be sought based on residence. The second was "an effort to convey by words a correlation between the seven-year residence required and the effective date of the (amending) act." On the other hand plaintiff submits that since Congress did not specify which period of seven years residence was necessary to satisfy the requirements of the amending act, the continuous residence period need not be the seven years including July 1, 1948. We think Sec. 19(c), as amended, is susceptible to the meaning placed upon it by plaintiff. The sole purpose, it seems for including the effective date of the amending act, as stated by Representative Graham, was so as not "to encourage aliens, in the future to enter the United States illegally with the hope of remaining here for seven years in order to have their status adjusted." [7]

Accordingly the motion to dismiss is denied.

7. II Report No. 647, 80th Cong. 1st Sess. (1947).