## MEDALHA v. SHAUGHNESSY.

United States District Court
S. D. New York.

Dec. 1, 1951.

Nemeroff, Jelline, Danzig & Paley and Aaron L. Danzig, all of New York City, for petitioner.

Edward J. Shaughnessy, District Director of Immigration and Naturalization for New York Dist., New York City, Myles J. Lane, U. S. Atty. for Southern District of New York, New York City, for respondent.

SUGARMAN, District Judge.

Petitioner, an alien, entered the United States from Lisbon, Portugal, on August 10, 1947, as a seaman and was permitted to go ashore for twenty-nine days. He jumped ship and has remained here continuously since. He was, in due course, apprehended, admitted to bail and, on December 3, 1947, given a hearing by the Immigration and Naturalization Service, at which he was represented by counsel. The petitioner was there charged with being an immigrant not in possession of a valid immigration visa and not exempted from the presentation thereof. He was continued under the bond previously posted.

On June 12, 1950, the Service accorded petitioner a second hearing (apparently complying with Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616) at which he was represented by new counsel. In the course of the second hearing, a new charge was lodged against him, i. e., that, after admission as a seaman he remained in the United States for a longer time than permitted.

The second hearing examiner subsequenly recommended the petitioner's deportation upon the ground lodged at that hearing. The petitioner having filed exceptions to the recommendation, the Commissioner of Immigration and Naturalization after consideration thereof, on April 24, 1951, ordered that the petitioner be deported on the charge lodged at the second hearing. On May 15, 1951, petitioner appealed to the Board of Immigration Appeals. On June 20, 1951, the Board ordered the withdrawal of the then outstanding warrant of deportation and granted the petitioner voluntary departure within thirty days and upon the petitioner's failure to thus depart, directed that he be deported on the charge lodged at the second hearing. The petitioner not having voluntarily withdrawn within the thirty-day period, a warrant for his deportation was issued on October 12, 1951. On November 2, 1951, the surety on petitioner's bond was notified to surrender him at Ellis Island, New York, for deportation on November 21, 1951.

Availing himself of the procedure approved in U.S. ex rel. Trinler v. Carusi, 3 Cir., 1948, 166 F.2d 457, petitioner commenced the instant proceeding by filing in the office of the Clerk of this Court, on November 13, 1951, a "Petition for Review" under the Administrative Procedure Act, 5 U.S.C.A. §§ 1001–1011. The substantive basis of the petition is that the evidence adduced at the second hearing was in contravention of Article V (sic— undoubtedly intended to refer to the 5th Amendment) of the Constitution of the United States, in that the petitioner's right

against self incrimination was invaded. The "Petition for Review" is entitled "In the Matter of the Petition for a Review of Deportation Order of the Commissioner of Immigration and Naturalization concerning Jose Medalha, against Edward J. Shaughnessy, as District Director of Immigration and Naturalization for the New York District". It

"prays that this Court:—

"1. Review the order of the Board of Immigration Appeals;

"2. Vacate and set aside said Order of Deportation;

"3. Issue a temporary injunction staying execution of the order reviewed pending final determination of the issues of this action by this Court;

"4. Have such other and further relief as may be just and proper."

On November 13, 1951, the petitioner also, by notice of motion, moved for "a temporary injunction forbidding, restraining and enjoining the said Edward J. Shaughnessy as District Director of Immigration and Naturalization for the New York District in the Department of Justice, Immigration and Naturalization Service in the New York District, and all other employees, agents and officers of the United States under the jurisdiction of the Respondent from executing the order of deportation of the Board of Immigration Appeals dated July 20, 1951,. directing that the petitioner herein be deported from the United States and further from deporting the petitioner herein from the United States until the issues in this action between the petitioner and the respondent shall have been fully determined by this Court, and for such other and further order as may be just.", which motion duly came on for argument.

No useful purpose will be accomplished by reviewing the cases urged by the parties as sustaining their several positions as to the validity of the second hearing and the alleged violation thereat of the petitioner's constitutional privilege against self incrimination. Suffice it to say that the motion for a temporary injunction must stand or fall with the "Petition for Review" upon which it is predicated. If the petitioner sought *habeas corpus*, "Edward J. Shaughnessy, as District Director of Immigration and Naturalization for the New York District" would be the sole proper respondent as the custodian of the petitioner. However, this is not a *habeas corpus* writ. It is a proceeding under the Administrative Procedure Act, and therefore is deficient for lack of an indispensable party, i. e., the Commissioner of Immigration and Naturalization. Connor v. Miller, 2 Cir., 1949, 178 F.2d 755; Podovinnikoff v. Miller, 3 Cir., 1950, 179 F.2d 937; Slavik v. Miller, 3 Cir., 1950, 184 F.2d 575.

Accordingly, the application for a temporary injunction is denied.