**BIRNS v. COMMISSIONER OF IMMIGRATION AND NATURALIZATION et al.**

**RICHARDS v. COMMISSIONER OF IMMIGRATION AND NATURALIZATION et al.**

Civ. Nos. 28108, 26084.

United States District Court
N. D. Ohio, E. D.

Feb. 13, 1952.

Henry C. Lavine, Cleveland. Ohio, for plaintiffs.

Don C. Miller, Dist. Atty., Cleveland, Ohio, for defendants.

JONES, Chief Judge.

In the above entitled actions for review of deportation orders, defendants

move for dismissal. The motions are predicated upon the following grounds: (1) failure to state a claim upon which relief can be granted, (2) lack of jurisdiction over indispensable parties, and (3) lack of jurisdiction to review the orders of the Commissioner of Immigration and Naturalization.

■ In Civil Action No. 26084, above, it was stipulated by the parties that the decision in Prince v. Commissioner of Immigration and Naturalization, D.C., 87 F.Supp. 53, "would be applicable and determinative as to the applicability of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq.,". In the Prince case, Judge Wilkin of this court held that the petitioner was not entitled to judicial review under the Act. On appeal, the Court of Appeals reversed, 6 Cir., 185 F.2d 578, holding that judicial review would lie.

The decision by the Court of Appeals in the Prince case governs and controls decision by this court upon defendants' third ground for dismissal of the present actions. The other grounds upon which the motions are based remain to be determined, however. Although the defense of lack of indispensable parties was also raised in the Prince case, it was not decided there. The defense was not a part of the appeal. Upon remand of that action to this court by the Court of Appeals, it was dismissed by stipulation of the parties.

■■ In the instant actions, service upon the Commissioner of Immigration and Naturalization was attempted by mailing to him a certified copy of the summons and complaint. This was not sufficient under the Rules to confer jurisdiction over his person upon the court. Rule 4(d), Fed. Rules Civ.Proc., 28 U.S.C.A., requires personal service upon an officer of the United States in the district where he resides. The court may take judicial notice of the fact that the official residence of the Commissioner is in the District of Columbia. Connor v. Miller, 2 Cir., 178 F.2d 755; Podovinnikoff v. Miller, 3 Cir., 179 F.2d 937.

Accordingly, the actions must be dismissed as to the Commissioner of Immigration and Naturalization. If it be further determined that the Commissioner is an "indispensable party" to the litigation, the actions must be dismissed in their entirety.

The question of whether a superior government officer is an "indispensable party" to a lawsuit involving his subordinate has been the subject of much litigation. The decisions are in conflict and it is difficult to reconcile them. Cases dealing with the subject are collected in Section 19.16, Moore's Fed.Practice, 2nd Edition, at page 2189, and 158 A.L.R. 1137.

The Courts of Appeal for the Second and Third Circuits have faced the precise question presented here. They hold that the Commissioner is an "indispensable party" to proceedings for review of deportation orders. Connor v. Miller, supra; Podovinnickoff v. Miller, supra; Slavik v. Miller, 3 Cir., 184 F.2d 575, certiorari denied 340 U.S. 955, 71 S.Ct. 566, 95 L.Ed. 688. No reasons are given in support of their position, however.

A rule for determining whether a superior government officer is an "indispensable party" was formulated by the Supreme Court in Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95. Our own Court of Appeals states this rule in Prince v. Commissioner, supra, at page 582 of 185 F.2d as follows: "The superior officer is an indispensable party if a decree granting the relief sought will require him to take action, either by exercising directly a power lodged in him, or by having a subordinate exercise it for him; he is not an indispensable party if the decree which is entered would effectively grant the relief desired by expending itself on the subordinate official who is before the court."

Professor Moore observes (Section 19.16, at page 2195) that in Neher v. Harwood, 9 Cir., 128 F.2d 846, 158 A.L.R. 1116, Judge Stephens also attempted to formulate a test for determining when a superior is "indispensable". He states Judge Stephens' test as follows: "If the action of the superior is attacked as an abuse of discretion, the superior must be joined, but if the whole foundation of the superior officer's power to act is attacked and it is contended that he has (no) authority to act

182

at all, as where it is claimed that the underlying statute is unconstitutional, and there is substance to the contention, the superior is not indispensable."

Decisions by our own Court of Appeals fall within the purview of one or both of the above rules, although not squarely. See Jarvis v. Shackelton, 6 Cir., 136 F.2d 116; Varney v. Warehime, 6 Cir., 147 F. 2d 238; and Greer v. Cline, 6 Cir., 148 F.2d 380.

Under either or both of the above rules, it must be concluded that the Commissioner of Immigration and Naturalization is an indispensable party to this litigation.

Plaintiffs ask the court to hold unlawful and set aside the orders of the Commissioner as being "contrary to the facts introduced in the several hearings before the Immigration hearing officers," contrary to law and constitutional right, and without observance of proper procedure. They ask also for an injunction pendente lite.

The relief sought requires more than a determination by the court of pure legal questions relating to the Commissioner's statutory power. Questions are also raised as to the manner in which the Commissioner has exercised his power.

Plaintiffs do not ask for injunctive relief other than that referred to above, nor is there a prayer for general relief. Assuming, however, that the court, having taken jurisdiction of the actions, could grant all relief it deems appropriate, including injunctive relief, nevertheless, it does not appear that injunctive relief would be effective. To enjoin enforcement of the deportation orders by the subordinate before the court would be meaningless without concurrence in the decree by his superior. The Commissioner, his superior, would not be bound by the decree and could enforce the deportation orders in another district.

■ It is my considered judgment that the nature and extent of the relief sought here makes the Commissioner an indispensable party. The acts and powers of the Commissioner are in question. See Williams v. Fanning and Prince v. Commissioner, supra.

The actions must be dismissed because the court lacks jurisdiction over an indispensable party. It is unnecessary, therefore, to rule upon defendants' defense that the complaints fail to state a claim upon which relief can be granted. Dismissal is without prejudice, however, to plaintiffs proceeding further in a court of competent jurisdiction.

Motions granted.