### PAOLO v. GARFINKEL.
### No. 10804.

United States Court of Appeals, Third Circuit.

Submitted Nov. 6, 1952.

Decided Dec. 8, 1952.

there seems to have been some disagreement as to what we did settle in that case.[2] This litigation gives opportunity to express our views again with the hope that we may successfully clarify them.

The authoritative guide to us is the Supreme Court decision in Williams v. Fanning, 1947, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95. The language used by the court indicates that the test for the necessity of the presence of a superior officer in a lawsuit involving a government official, in that case the Postmaster General, is "if the decree which is entered will effectively grant the relief desired by expending itself on the subordinate official who is before the court." 332 U.S. at page 494, 68 S.Ct. at page 189.

The "subordinate official" in this case is Mr. C. Garfinkel, Officer in Charge, Immigration and Naturalization Service, Pittsburgh, Pennsylvania. He is before the United States District Court for the Western District of Pennsylvania by personal service. Suppose that court, after reviewing the record, decided that the petitioner, Joao Paolo, should not be deported. The court could give an order which would release Mr. Paolo from the custody of Mr. Garfinkel. Suppose that the petitioner then went to another district and was there taken into custody by an officer with similar duties, for his geographical area, as those performed by Mr. Garfinkel. An order against Mr. Garfinkel's doing anything to send the petitioner out of the country runs against him, but we have no reason for thinking it would run against the person having similar duties in some other district. What Mr. Garfinkel does in the Western District of Pennsylvania is to carry out the orders of the Commissioner of Immi-

Jacob J. Kilimnik, Philadelphia, Pa., for appellant.

Edward C. Boyle, Pittsburgh, Pa., William B. Taffett, Philadelphia, Pa., for appellee.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

The sole issue involved in this case is whether, in a review under Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, the Commissioner of Immigration and Naturalization is an indispensable party defendant. If he is the present case must fail for want of jurisdiction over the Commissioner.

A rereading of this Court's opinion in Podovinnikoff v. Miller, 3 Cir., 1950, 179 F.2d 937,[1] indicates that we answered the question in the affirmative in 1950, but

---

1. See also Slavik v. Miller, D.C.W.D.Pa. 1950, 89 F.Supp. 575, affirmed per curiam 3 Cir., 1950, 184 F.2d 575, certiorari denied 340 U.S. 955, 71 S.Ct. 566, 95 L. Ed. 688.

2. In this Circuit compare the decision below in this case with de Koning v. Zimmerman, D.C.E.D.Pa.1950, 89 F. Supp. 891, which interpreted our decision in the Podovinnikoff case to stand only for the proposition, previously enun-

ciated in United States ex rel. Trinler v. Carusi, 3 Cir., 1948, 166 F.2d 457, that deportation proceedings are reviewable under the Administrative Procedure Act. In other circuits, compare Yanish v. Wixon, D.C.N.D.Cal.1948, 81 F.Supp. 499, and Yanish v. Phelan, D.C.N.D.Cal. 1949, 86 F.Supp. 461, with Birns v. Commissioner of Immigration and Naturalization, D.C.N.D.Ohio 1952, 103 F.Supp. 180, and Medalha v. Shaughnessy, D.C. S.D.N.Y.1951, 102 F.Supp. 950.

gration and Naturalization whose official home is Washington, D. C. Unless that officer is brought into the litigation and an order made against him we do not see that the petitioner is going to profit much from an order issued against a district official only.

In other words, applying the test which the Supreme Court gave us in the quotation above, we conclude again, as we did before, that this type of action must be brought where personal service can be made upon the Commissioner of Immigration and Naturalization. Since that officer has his official home in the District of Columbia, the suit must be brought there. This may or may not be a good thing. It is convenient for the Commissioner; it is inconvenient for persons wishing to sue the Commissioner. But the remedy for the difficulty, if difficulty it is, lies with the Congress. That body can determine what the place of suit shall be. If it decides that it is undesirable to centralize this litigation in the District of Columbia, the legislative remedy is obvious. We are in accord with the weight of judicial opinion upon the point although there is comparatively little appellate court authority for it.[3]

The judgment of the district court will be affirmed.

---

**3.** See Connor v. Miller, 2 Cir., 1949, 178 F.2d 755; Birns v. Commissioner of Immigration and Naturalization and Medalha v. Shaughnessy, supra note 2.