## DE PINHO VAZ v. SHAUGHNESSY.

United States District Court
S. D. New York.
May 7, 1953.

Caputi & Caputi, New York City, Sebastian P. Caputi, New York City, of counsel, for plaintiff.

J. Edward Lumbard, Jr., U. S. Atty. for Southern District of New York, New York City, Harold J. Raby, Asst. U. S. Atty., New York City, of counsel, for defendant.

DIMOCK, District Judge.

This is a motion by defendant for dismissal of the complaint on several grounds, for judgment on the pleadings and for summary judgment. The complaint, in substance, seeks a declaratory judgment that plaintiff, an alien, is eligible for suspension of deportation under § 19(c)2 of the Immigration Act of 1917, as amended, formerly 8 U.S.C. § 155(c),[1] an injunction against defendant District Director of Immigration and Naturalization, New York, N. Y., preventing him from deporting plaintiff and a direction that defendant re-open plaintiff's deportation hearing for the purpose of giving him an opportunity to apply for suspension of deportation.

At the threshold of the case, I must deal with the question whether the action must be dismissed because of the absence of indispensable parties.

Defendant contends among other things that the Commissioner of Immigration and Naturalization and the Attorney General of the United States are indispensable parties. If that is so, the action must be dismissed.

Plaintiff, before the instant motion, moved to reopen his deportation hearing before the Immigration and Naturalization Service so that he could apply for suspension of deportation. This motion was heard, considered and denied by a Hearing Officer, the Assistant Commissioner of Immigration and Naturalization and the Board of Immigration Appeals. The Board of Immigration Appeals concluded that plaintiff was, under § 3(a) of the Selective Training and Service Act of 1940, as amended, formerly 50 U.S.C.App. § 303(a), "ineligible to citizenship" as defined in § 28(c) of the Immigration Act of 1924, as amended, formerly 8 U.S.C. § 224(c) and was therefore ineligible for suspension of deportation.

The question of indispensable parties in actions against subordinate government officials is a much vexed one. See 3 Moore's Federal Practice, 2d Ed., § 19.16.

In a case for a declaration of eligibility for suspension of deportation much like this a district court denied a motion to dismiss although it apparently had only the District Director of Immigration and Naturalization before it. De Koning v. Zimmerman, D.C.E.D.Pa., 89 F.Supp. 891. There is, however, clear authority for the proposition that the Commissioner of Immigration and Naturalization is an indispensable party in actions to review orders of deportation. Paolo v. Garfinkel, 3 Cir., 200 F.2d 280; Slavik v. Miller, 3 Cir., 184 F. 2d 575, certiorari denied 340 U.S. 955, 71 S.Ct. 566, 95 L.Ed. 688; Podovinnikoff v. Miller, 3 Cir., 179 F.2d 937; Medalha v. Shaughnessy, D.C.S.D.N.Y., 102 F.Supp. 950; Birns v. Commissioner of Immigration and Naturalization, D.C.N.D.Ohio, 103 F.Supp. 180. See Connor v. Miller, 2 Cir., 178 F.2d 755.

On the other hand it has been held that the Attorney General is not an indispensable party in a suit to review the action of a District Director of Immigration and Naturalization in setting bail. Yanish v. Phelan, D.C.N.D.Cal., 86 F.Supp. 461. See also Yanish v. Wixon, D.C.N.D.Cal., 81 F.Supp. 499, an action to restrain the District Director of Immigration and Naturalization from conducting deportation proceedings alleged to be without authority or jurisdiction.

1. The present statutory provision dealing with this relief is Immigration and Nationality Act of 1952 § 244, 8 U.S.C. § 1254.

A recent decision of the United States Supreme Court raises the question whether, for the purposes of this problem of parties, there may not be a distinction between suits to review orders of deportation and suits like this for declarations of eligibility for suspension of deportation. That decision is Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, where it was held that habeas corpus is the only available method of review of orders of deportation but where the opinion approved the use of a plenary action in the case reported as McGrath v. Kristensen, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173, on the ground that in the Kristensen case the plaintiff instead of seeking relief against an outstanding deportation order litigated an erroneous determination of his eligibility for citizenship.

The considerations which lead lower courts to require the presence of superiors as parties in deportation order review cases are entirely different from those which led them formerly to permit cases of that kind to be brought by action rather than by habeas corpus and I believe that the authority of the cases on the question of parties was in no way weakened when the Supreme Court held wrong the cases on the question of form of remedy.

If, as I think, the deportation order review cases are still authority for the necessity of the presence of the superior officers as parties in deportation order review cases, they are authority for the necessity of their presence as parties in actions for declarations of eligibility for suspension of deportation.

It might be urged that full relief might be granted as a practical matter without the presence of the superior officers by the issuance of an injunction against deportation which would keep the District Director here from deporting plaintiff until the Board of Immigration Appeals reopened the hearings and gave effect to a determination of this court that plaintiff was eligible for suspension of deportation. That would be quite as true in the deportation order review cases, however, and in those cases the superior officers were held indispensable.

If full relief cannot be given without the presence of the superior officers in a deportation order review case it certainly cannot in a case like this where the object of the action is to obtain a determination which will be a basis for governing their conduct in a proceeding for a deportation order.

Aside from authority, however, I think that in actions for declarations of eligibility for suspension of deportation the Commissioner of Immigration and Naturalization and the Attorney General are indispensable parties.

The rule for the determination of this question I think is to be found in Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95. There the Supreme Court distinguished between cases where the decree, if it grants the relief sought, will require the superior officer to take action and cases where the decree, if it is favorable, will effectively grant the relief desired by expending itself on the subordinate official who is before the court.

The court there, while holding that the superior officer was not an indispensable party, was careful to point out that relief against the acts of the subordinate official was all the plaintiff sought and that a decision against the subordinate would end the matter.

The cases of Yanish v. Phelan, D.C.N.D. Cal., 86 F.Supp. 461, and Yanish v. Wixon, D.C.N.D.Cal., 81 F.Supp. 499, in which apparently relief was sought only against parties over which the court had jurisdiction seem to me to be in complete accord with the decisions of the Supreme Court in Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, and Hynes v. Grimes Packing Co., 337 U.S. 86, 69 S.Ct. 968, 93 L.Ed. 1231.

In De Koning v. Zimmerman, D.C.E.D. Pa., 89 F.Supp. 891, the action was brought (1) to have an order of the District Director notifying the plaintiff to depart declared null and void and (2) to review a decision of the Board of Immigration Appeals denying plaintiff's right to seek suspension of deportation or a declaratory interpretation of the statute providing for

suspension of deportation. The court asserts that the District Director is a proper party and that an injunction against him "will effectively grant the relief desired by plaintiff against that particular defendant." 89 F.Supp. 891, at page 893.

In the instant case plaintiff seeks a direction that the defendant District Director of Immigration reopen the deportation hearing so that he may apply for suspension of deportation. A motion for that relief has been denied by the Board of Immigration Appeals acting for the Attorney General. Assuming that this court has power to grant relief of this type, defendant is without power to change the decision of the Board of Immigration Appeals either under the current regulations, 8 C.F.R. § 6.2, 17 F.R. page 11475, Dec. 19, 1952, or the former regulations, 8 C.F.R.1949 Ed. § 90.3(d), read with § 90.11(b).

The declaratory judgment relief sought would not be binding upon defendant's absent superiors. In determining the question whether there is privity between government officials so that a judgment against one is res judicata in a relitigation of the same issue between the same party and another official, it has been said that the "crucial point is whether or not in the earlier litigation the representative of the United States had authority to represent its interests in a final adjudication of the issue in controversy." Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 403, 60 S.Ct. 907, 917, 84 L.Ed. 1263. Indeed, in a suit analogous to this one, the court concluded that a declaratory judgment against subordinate government officials would not be binding on their superiors in a later action, Marshall v. Crotty, 1 Cir., 185 F.2d 622, 627–628, although a contrary result has been reached in the converse case where the second suit is against an inferior official. Jones v. Trapp, 10 Cir., 186 F.2d 951. Tait v. Western Md. Ry. Co., 289 U.S. 620, 627, 53 S.Ct. 706, 77 L.Ed. 1405; Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402–403, 60 S.Ct. 907, 84 L. Ed. 1263.

There is no indication in this case that defendant has the authority required by Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402–403, 60 S.Ct. 907, 84 L.Ed. 1263, or that for any other reason an adjudication here would be binding on defendant's superiors.

I think that it is plain that plaintiff cannot obtain all the relief that he seeks in this action. I have referred to the argument that at the least this court can enjoin defendant from deporting plaintiff. Indeed such relief in effect has been granted in a habeas corpus proceeding, Mastrapasqua v. Shaughnessy, 2 Cir., 180 F.2d 999, and that was the relief contemplated in the De Koning case.

Whatever may be the results of the historic form of the habeas corpus proceeding I am not prepared to act in a plenary action upon the theory that the superior officer may be forced, by an injunction nisi against deportation by the subordinate officer, into taking the action which would have been required had the superior been before it. I therefore refuse to consider as affording full relief an action which, for its efficacy against a superior, relies on pressure exerted indirectly through a subordinate.

The courts have pointed out that even such indirect pressure would not be wholly effective. The point was made in Paolo v. Garfinkel, 3 Cir., 200 F.2d 280, and other cases, that an injunction against a subordinate immigration official prohibiting an alien's deportation would have no effect on his superiors or other immigration officials so that the alien could be deported if found in another district. The force of this argument, however, is tempered by the fact that in Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, supra, the court's decree was effective only in one city. There an injunction was issued against a local postmaster prohibiting his enforcement of his superior's fraud order. Still, the court elaborately pointed out the scope and adequacy of the relief which it afforded and there was no indication that further relief would be necessary in the disposition of the controversy. This point, taken together with the emphasis laid in the opinion upon the ability of the court to grant all the relief that the plaintiff asked for, convinces me that the case before me

falls on the other side of the line drawn there. A later Supreme Court case which makes these two points is Hynes v. Grimes Packing Co., 337 U.S. 86, 96–97, 69 S.Ct. 968, 93 L.Ed. 1231, and, in Reeber v. Rossell, 200 F.2d 334, a recent decision in this circuit, the court held that superior officials were indispensable parties where the plaintiff sought relief only against officials before the court. That case may be distinguishable because it might be said that relief against the subordinate official would expend itself on the public treasury or interfere with the public administration and thus come within the category set apart in Williams v. Fanning, 332 U.S. at page 493, 68 S.Ct. 188, 92 L.Ed. 95, supra, as perhaps requiring presence of the superiors. The Court of Appeals, however, did not rely upon that ground but instead apparently relied on the inadequacy of the relief that could be granted against the subordinate official, citing Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534. Since the relief that can be granted here is neither all that plaintiff seeks nor can it effectively dispose of the controversy presented, I conclude that defendant's superiors are indispensable parties and the motion to dismiss must be granted. Of course, the dismissal will be without prejudice to further proceedings by plaintiff in a court having jurisdiction over the necessary parties.

In coming to this conclusion, I do not wish to be taken as ignoring the many persuasive reasons for permitting aliens to obtain relief such as is sought here in a district court convenient to their homes and places of employment. The issues involved normally relate only to the individual alien and seem particularly suitable for determination in the forum convenient to the alien. The additional expense and trouble of litigating questions such as these in Washington, which in most cases would be many miles away for the alien, does not commend itself to me. Nevertheless, I feel constrained by the authorities to conclude as I do. As has been so frequently pointed out, the cure lies with Congress and not the courts. See Paolo v. Garfinkel, 3 Cir., 200 F.2d 280, 282.

The conclusion that I have arrived at makes it unnecessary to consider the other questions raised by this motion.

Motion to dismiss the complaint granted without prejudice to further proceedings by plaintiff in a court having jurisdiction over the necessary parties.