**COELHO v. PERLMAN, Acting Atty. Gen. et al.**

**Civ. A. No. 12576.**

United States District Court
E. D. New York.

Oct. 7, 1953.

Caputi & Caputi, New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., New York City, for defendants (Elliott Kahaner, Asst. U. S. Atty., Brooklyn, N. Y., of counsel).

GALSTON, District Judge.

This is a motion by the United States for an order dismissing the complaint on the ground that this court has no jurisdiction over the person of Philip B. Perlman, Acting Attorney General, named in the complaint as a defendant.

The action is for a declaratory judgment, pursuant to Section 2201 of Title 28, U.S.C.A. The complaint alleges, in paragraph 13, that the plaintiff applied for the privilege of suspension of deportation pursuant to Section 19(c) of the Immigration Act of 1917, as amended. 8 U.S.C.A. § 155(c).[1] Paragraph 14 then alleges that the Commissioner of Immigration and Naturalization and the Board of Immigration Appeals rejected the plaintiff's application for suspension "on the sole ground that he was ineligible therefor because ineligible for naturalization by reason of his having signed DSS Form 301". Form 301 is the form used by a neutral alien in applying for relief from military service. The complaint then alleges that the decisions of the Commissioner of Immigration and Naturalization and the Board of Immigration Appeals were in error.

Essentially, therefore, the present action is an effort to obtain judicial review of agency action. In McGrath, Attorney General v. Kristensen, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173, the Supreme Court held that an administrative decision against a requested suspension of deportation under Section 19(c) of the Immigration Act of 1917, as amended, based solely upon a finding of ineligibility for naturalization, can be challenged in a suit for declaratory judgment by an alien not in custody.

1. See Immigration and Nationality Act, § 244, 8 U.S.C.A. § 1254.

■ The Immigration Act of 1917, as amended, places the exercise of the discretion to suspend deportation in the Attorney General. The complaint here fails to allege that the Attorney General has refused to invoke his discretionary powers, or that he has delegated his authority in this connection, in the plaintiff's case. Apparently it is presumed that the Attorney General is in agreement with the administrative findings and will act in accordance with the decisions rendered by the immigration and naturalization officials referred to in the complaint.

In any event, the order accepting or rejecting the plaintiff's application is, by statute, one which issues from the Attorney General. Section 19(c), Immigration Act of 1917, as amended, supra. Hence what is sought for review is an administrative decision of the Attorney General, viz., the exercise of his appropriate discretion in suspending deportation. In the circumstances the Acting Attorney General is an indispensable party to this action.

■ Section 1391(b) of Title 28, U.S.C.A., provides that, except as otherwise provided by law, a civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside. The official residence of the Attorney General is in Washington, D. C. Personal service to bring him within the jurisdiction of this court would not run to the District of Columbia. Therefore this court lacks jurisdiction. Connor v. Miller, 2 Cir., 1949, 178 F.2d 755.

The plaintiff cites United States ex rel. Cammarata v. Miller, D.C., 79 F. Supp. 643, in support of his contention that the Acting Attorney General is not an indispensable party to the action. However, the case is distinguishable. There the petitioner was in the custody of the immigration authorities. Moreover, the agency action upon which review was sought was the final order of deportation of the Commissioner of Immigration and Naturalization, rather than a determination of ineligibility for naturalization.

The complaint here alleges:

"That upon information and belief, the Defendant Edward J. Shaughnessy is about to make the necessary preparations for Plaintiff's deportation to Portugal."

The relief sought includes a prayer to enjoin the defendant, Edward J. Shaughnessy, from deporting plaintiff. The complaint does not, however, allege that there is outstanding a final order of deportation. Therefore, in the light of the allegations contained in the complaint, the prayer for an injunction must be regarded as incident to the main purpose of seeking a review of the determination that the plaintiff is ineligible for naturalization. Moreover, a contention that the plaintiff's primary purpose is to review a deportation order would come into conflict with the recent decision of the Supreme Court in Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, holding that an alien whose deportation has been ordered by the Attorney General under Section 19(a) of the Immigration Act of 1917, may not obtain a review of the Attorney General's decision by a suit for a declaratory judgment or injunctive relief; habeas corpus remains the only procedure by which an alien may challenge the order.

■ It is also urged in the memorandum in support of the motion that the complaint should be dismissed because the residence of the defendant, Edward J. Shaughnessy, is in the Southern District of New York. However, the present motion is directed solely to the question of jurisdiction over the defendant, Philip B. Perlman, Acting Attorney General. The failure to object to improper venue constitutes a waiver of the defect. 28 U.S.C.A. § 1406(b).

The motion to dismiss the complaint on the ground that this court has no jurisdiction over the defendant, Philip B. Perlman, Acting Attorney General, an indispensable party to the action, is granted. Settle order.