### McKENZIE v. SHAUGHNESSY.

United States District Court
S. D. New York.
Nov. 4, 1953.

Lester Taylor, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty., New York City, for defendant.

SUGARMAN, District Judge.

Plaintiff, concededly an alien seaman, illegally present in the United States and deportable under an outstanding valid final order of deportation, has commenced an action against Edward J. Shaughnessy, the District Director of Immigration and Naturalization of the Port of New York, seeking an injunction against execution of the deportation order.

The action is based on the allegations that plaintiff has an action pending in the United States District Court, Eastern District of New York, commenced on September 19, 1952 to recover for personal injuries sustained on July 10, 1951, and if deportation is not stayed, he will be deprived of a "vested property right" in that he may not be allowed to return to the United States and appear in person when his personal injury case is reached for trial.

Plaintiff (Motion No. 59) moves for a temporary injunction restraining the defendant from executing the final order of deportation during the pendency of his suit for the injunction.

Defendant (Motion No. 60) moves for an order dismissing the complaint on the grounds (1) that the complaint fails to state a claim upon which relief can be granted; (2) that venue is improper and

(3) that plaintiff has failed to join an indispensable party, namely, the Commissioner of Immigration.

The defendant's second defense of improper venue hinges on the validity of the third defense of failure to join an indispensable party. If the Commissioner of Immigration is an indispenable party, venue is properly laid only in the District of Columbia.

The Commissioner is an indispensable party to this action [1] and accordingly, the defendant's motion to dismiss the complaint for failure to join an indispensable party is granted. This disposition of the case obviates a determination of the defendant's first defense and precludes the granting of plaintiff's motion for a preliminary injunction. Plaintiff's motion for preliminary injunction (No. 59) is denied; defendant's motion to dismiss the complaint (No. 60) is granted.

Settle orders.

1. Paolo v. Garfinkel, 3 Cir., 200 F.2d 280.